UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NYOKA HUTCHINSON AND ARACELLIE DELGADO, on behalf of themselves and all others similarly situated,<br>    *Plaintiff*, | :<br>:<br>:<br>:<br>: | Civil Action No: 21-cv-00325-RNC |
| v. | :<br>: | |
| UNIVERSITY OF SAINT JOSEPH,<br>    *Defendant*. | : | June 1, 2021 |

## AMENDED COMPLAINT

1.  Plaintiffs, Nyoka Hutchinson and Aracellie Delgado, bring this action on behalf of themselves and others similarly situated against the defendant University of Saint Joseph, to recover a partial refund of the tuition, fees, and other related payments for in-person educational services, access to facilities, and other opportunities for which they and their classmates paid but University of Saint Joseph failed to provide, by shifting to remote online learning instead of in-person education in light of the COVID-19 pandemic.

## PARTIES

2.  Plaintiff Nyoka Hutchinson is a citizen of the State of New York. Plaintiff Aracellie Delgado is a citizen of the State of Connecticut. Both were enrolled as full-time students for the Spring 2020 academic semester at the University of Saint Joseph in their Master of Social Work (MSW) program.

3.  The defendant, University of Saint Joseph, is an institution of higher learning located in West Hartford, Connecticut.

## JURISDICTION AND VENUE

4.  The Court has original jurisdiction of this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because at least one member of the Class, as defined below, is

a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the University of Saint Joseph is headquartered in this district and the events at issue in this action occurred in this district.

## GENERAL ALLEGATIONS

6. The University of Saint Joseph offers course credits delivered both by in-person instruction and by online instruction.

7. Plaintiffs, as members of the University of Saint Joseph's "Masters of Social Work" program ("MSW Program"), were specifically promised that their program would be conducted entirely in-person, except for submitting certain assignments online through an online platform.

8. Plaintiffs selected the MSW Program at the University of Saint Joseph specifically because it offered in-person – rather than online – instruction in the field of social work.

9. Plaintiffs sought in-person instruction because the field of social work requires clinical classes, and clinical classes require in-person instruction because students are required to, *inter alia*, do mock sessions with clients, including conducting sensitive interviews, which require social workers to pick up on personal cues such as body language.

10. The syllabi for the courses offered in the University of Saint Joseph's MSW Program are therefore specifically geared toward the provision of in-person educational experiences for social work students.

11. Plaintiff Aracellie Delgado – and upon information and belief, all students in the MSW Program – was specifically promised in-person instruction through in-person classes when they applied for the MSW Program and were interviewed by its then-director, Dr. Stanley Battle.

12.     Plaintiff Delgado chose the MSW Program at the University of Saint Joseph on the basis of Dr. Battle's promise, on behalf of the University of Saint Joseph, that it would be in-person instruction, because of the specific needs and requirements of social work, her chosen field of study. Dr. Battle had the authority, as director of the program, to make that promise to Delgado and other MSW students.

13.     At no time in her interview or otherwise in the application process was Plaintiff Delgado told that the MSW Program may not include in-person instruction, but might be online. Nor were other students ever so informed.

14.     Although students in the MSW Program particularly need in-person instruction, they were not alone in being promised in-person instruction by the University of Saint Joseph.

15.     Before the pandemic and including for the Spring 2020 semester, the University of Saint Joseph charged more for credits obtained in-person than it charged for credits obtained online, and the most for credits obtained in the MSW Program, which was in-person and had a clinical component:



16.

17. On March 17, 2020, the University of Saint Joseph announced that, starting Monday, March 23, all instruction offered by the university would be done remotely online.

18. Plaintiffs do not dispute that the University of Saint Joseph's decision to cease in-person instruction was warranted. Plaintiffs ask merely to be refunded the money they spent for services that were not provided.

19. For the Spring 2020 semester, plaintiffs and all others similarly situated paid thousands of dollars for tuition alone.

20. Though the University of Saint Joseph could no longer provide the classroom, direct faculty instruction, and campus experience after it shuttered its campus in March, the University of Saint Joseph still demanded that students, such as the plaintiff, pay the full tuition price.

21. By failing to apportion the burden of the pandemic equitably or consistent with its contractual or educational obligations, the University of Saint Joseph's violated public policy, harmed students as consumers of higher education, and acted unfairly.

22. Remote learning options cannot replace the comprehensive educational experience. Access to facilities, materials, laboratories, faculty, student collaboration, and the opportunity for on-campus living, school events, dialogue, feedback and critique are essential to the educational experience. This is particularly true for the MSW Program, in which the clinical component is a core part of the educational experience.

23. The University of Saint Joseph received more than $636,950 in federal COVID-19 relief funding under the CARES Act authorized by Congress and signed into law by the president on March 27, 2020.

24. The plaintiff and class members contracted and paid for an education, not course credits. They paid for the full education and experience of life on the University of Saint Joseph's

campus. Remote learning online could only provide a fraction of the same value of education and experience.

25. But even if they contracted for course credits, they specifically contracted for in-person course credits, as the University of Saint Joseph advertised for them—and charged more for them.

26. As a result, the University of Saint Joseph has financially damaged the plaintiffs and all class members. They bring this suit because they and the class did not receive the full value of the services for which they paid. They lost the benefit of the bargain and suffered out of pocket loss. They are entitled to recover compensatory damages.

27. The plaintiffs seek for themselves and the class a return of a prorated portion of the tuition, fees and other related costs, proportionate to the diminished value of online classes and the amount of time in the Spring 2020 and following semesters when the University of Saint Joseph ceased in-person classes, campus services and access to campus facilities, continuing through to such time as the University of Saint Joseph fully reinstates in-person classes.

28. The plaintiffs and class members entered into express or implied contracts with the University of Saint Joseph whereby, in exchange for the payment of tuition, fees, and other related costs, the University of Saint Joseph would provide an agreed-upon number of classes through in-person instruction (as it had historically provided and specifically advertised for and promised) and access to physical resources and school facilities such as libraries, laboratories, and classrooms.

29. For each class taken, the University of Saint Joseph promised to provide the education specified in the course listings and course syllabi, including the time and physical location of the in-person instruction.

30. The University of Saint Joseph held out in-person campus living and instruction as an essential part of the education it provides to students. In its Student Handbook, the University of Saint Joseph promised that "[l]iving on campus at the University of Saint Joseph enriches your university experience and provides you a home away from home. Resident students develop strong friendships, have extensive leadership opportunities, participate in activities on the evenings and weekends, and have access to the support needed to achieve their academic goals."

31. The plaintiffs and class members accepted the University of Saint Joseph's offer and paid the University of Saint Joseph the amounts it requested for tuition and fees.

32. The plaintiffs and class members substantially performed their contractual obligations. The University of Saint Joseph did not.

33. As a result of the closure of the University of Saint Joseph's campuses and facilities, the University of Saint Joseph has failed to deliver the educational services, facilities, access and/or opportunities for which the plaintiff and the class members contracted and paid, either directly or through a third-party on their behalf.

34. On August 31, 2020, the University of Saint Joseph announced that it would be adopting what it called a "HyFlex approach" for the Fall 2020 semester. Although the policy stated that students could choose between in-person and remote learning, in fact most course offerings had been moved to remote-only online learning, and students were not given enough time to make alternative arrangements, such as applying to another school.

35. Though the plaintiffs and class members continue to pay full tuition to the University of Saint Joseph, the University of Saint Joseph has ceased to provide the in-person education it promised, failing to uphold its end of the agreements.

36. Academic studies have found that online courses do less to promote academic success than do in-person courses.

6

37.     The University of Saint Joseph's move to online-only classes deprived students of the opportunity to benefit from a wide variety of academic and student events, on-campus entertainment, facilities, and programs, which were a considerable part of the value that the plaintiffs were attempting to realize in paying for their tuition and associated fees.

38.     The significance of in-person learning and interaction with faculty as the lifeblood of the academic experience was given emphasis in the University of Saint Joseph's marketing materials and in interviews that enticed the plaintiffs and class members to enroll there.

39.     Through this lawsuit plaintiffs seek, for themselves and the class, the University of Saint Joseph's disgorgement of the prorated portion of tuition and fees, proportionate to the amount of time that remained in the Spring 2020 semester when classes moved online and campus services ceased being provided, accounting for the diminished value of online learning, as well as for each subsequent semester, proportionate to the amount of in-person learning opportunities that were no longer available in the subsequent semesters.

## CLASS ACTION ALLEGATIONS

40.     Plaintiffs seek to represent a class defined as:

**Any person who paid or caused to be paid tuition and/or fees to attend the University of Saint Joseph for in-person classes when classes and/or coursework were limited in whole or in part to online attendance as a result of or in connection with COVID-19.**

41.     Within that class Plaintiffs are members of a subclass defined as:

**Any person who paid or caused to be paid tuition and/or fees to attend the University of Saint Joseph in the MSW Program when classes and/or coursework were limited in whole or in part to online attendance as a result of or in connection with COVID-19.**

42. The class members are greater than 1,000 in number and are therefore so numerous that joinder is impracticable. The subclass members are greater than 100 and are therefore also so numerous that joinder is impracticable.

43. The number and identity of the class members is ascertainable through the defendant's own records.

44. Common questions of law and fact exist and in fact predominate over any questions affecting only individual class members such that class certification is appropriate. The common issues include:

   a. Whether the University of Saint Joseph accepted money in exchange for a promise to provide services;

   b. Whether the University of Saint Joseph provided the services for which the class members contracted;

   c. Whether class members are entitled to a refund for that portion of the tuition and fees that was contracted for services that the University of Saint Joseph did not provide;

   d. Whether the University of Saint Joseph is liable to the plaintiff and the class for unjust enrichment.

45. The plaintiffs' claims are typical of the claims of the other members of the class in that class members are similarly situated and irreparably injured through the defendant's wrongful conduct as set forth herein.

46. The plaintiffs will fairly and adequately protect the interests of the class because they have retained counsel highly experienced in complex class action litigation, and they intend to vigorously prosecute this action on behalf of the class and have no interests antagonistic to the class.

47. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages of individual class members are relatively small compared to the burden and expense of individual litigation of the claims of class members and it would be virtually impossible to obtain effective redress without the mechanism of the class action. Moreover, the class action mechanism offers economies of scale that will conserve judicial resources.

## COUNT ONE – BREACH OF CONTRACT

48. The plaintiffs restate the allegations above as if fully set forth here.

49. Plaintiffs bring this claim individually and on behalf of the class.

50. Through their payment of tuition and fees, the plaintiffs and class members entered into a binding contract with the University of Saint Joseph.

51. As part of the contract and in exchange for the consideration of tuition and fees, the University of Saint Joseph promised to provide certain services, including in-person education services, in-person instruction, and access to its campus, for the full duration of the Spring 2020 semester, and continuing into the 2020-2021 academic year.

52. The University of Saint Joseph charged more than it would have charged for online courses only, and in fact advertised and sold the course credits as "on campus" credits, meaning that they would be in-person and not online.

53. The plaintiffs and the class members fulfilled their end of the bargain when they paid monies due for tuition, fees and expenses.

54. The University of Saint Joseph has failed to provide the contracted-for services and has otherwise not performed under the contract as set forth above. The University of Saint Joseph has retained monies paid by the plaintiffs and the class members and has failed to issue tuition adjustments or reimbursements or refunds.

55. The plaintiffs and class members have suffered damages as a direct and proximate result of the University of Saint Joseph's breach including deprivation of the education, experience, and services they were promised and for which they have paid.

56. As a direct and proximate result of the University of Saint Joseph's breach, the plaintiffs and the class members are entitled to damages to be decided by the trier of fact in this action to include the reimbursement of certain tuition, fees, and other expenses that were collected by the University of Saint Joseph for services that the University of Saint Joseph failed to deliver.

## COUNT TWO – UNJUST ENRICHMENT

57. The plaintiffs restate the allegations above as if fully set forth here.

58. Plaintiffs bring this claim individually and on behalf of the class.

59. The plaintiffs and members of the class conferred a benefit on the University of Saint Joseph in the form of money paid for tuition, fees and expenses in exchange for certain services and promises.

60. The tuition was intended to cover in-person educational services for the academic semester.

61. The University of Saint Joseph benefited, voluntarily accepting and retaining the money the plaintiffs and class members paid.

62. The plaintiffs and the class members did not pay for course credits. They paid for the services the University of Saint Joseph promised, which they did not receive.

63. But to the extent they paid for course credits, plaintiffs and class members paid for "on campus" course credits or course credits in the MSW Program that were always intended to be in-person.

64. The University of Saint Joseph has unfairly and inequitably retained the tuition and fees paid by the plaintiffs and class members and failed to provide the services for which the tuition and fees were collected.

65. The online educational services substituted for the in-person education for which the plaintiffs and class members paid has substantially lesser value but the University of Saint Joseph has retained full payment.

66. It would be unjust and inequitable for the University of Saint Joseph to retain benefits in excess of the services it provided and the University of Saint Joseph should therefore be required in equity to disgorge any tuition and fees and related expenses that exceed the value of online education it provided.

## **COUNT THREE – VIOLATION OF CUTPA**

**(Conn. Gen. Stat. Sec. 42-110a *et seq*.)**

67. The plaintiffs restate the allegations above as if fully set forth here.

68. Plaintiffs bring this claim individually and on behalf of the class.

69. The University of Saint Joseph is a person in the conduct of trade and commerce as defined by Conn. Gen. Stat. Sec. 42-110a, as it sells services.

70. The University of Saint Joseph violated Conn. Gen. Stat. Sec. 42-110b by falsely representing and passing off to the plaintiff and class members that an online education has the same value as in-person education. This misrepresentation was a blatant reversal from its own advertising materials that stated previously that "on campus" course credits cost more and were worth more than the same course credits offered "online."

71. For the students in the MSW Program this misrepresentation was particularly egregious and unscrupulous, for it ignored the specific representations made to the social work

students about the necessary in-person instruction they required, as part of the clinical component of their education, to be educated in the field of social work.

72. The University of Saint Joseph intended for the plaintiffs and class members to rely on its misrepresentation as to the quality of its online classes as a substitute for in-person education.

73. The University of Saint Joseph's representations as to the quality and value of its online classes as compared to in-person education had the tendency to mislead.

74. The plaintiffs and the class members are accordingly entitled to actual damages, costs, and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant as follows:

A. For an order certifying the class under Rule 23 of the Federal Rules of Civil Procedure;

B. For an order finding in favor of the plaintiff and the class on all counts asserted herein;

C. For actual, compensatory, and punitive damages in amounts to be determined by the trier of fact;

D. Prejudgment interest on all amounts awarded;

E. For an order of restitution and disgorgement and all other forms of equitable relief available under law;

F. For an order awarding the plaintiff and class members reasonable attorneys' fees, expenses, and costs of suit;

G. All other relief to which the plaintiffs and members of the class are entitled.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

                                                                                   Respectfully submitted,

                                                                                   NYOKA HUTCHINSON and
                                                                                   ARACELLIE DELGADO, *on behalf of themselves and all others similarly situated.*

By:    /s/Alexander T. Taubes, Esq.
           Alexander T. Taubes
           470 James Street, Suite 007
           New Haven, CT 06513
           Phone: (203) 909-0048
           Email: alextt@gmail.com
           Federal Bar No. ct30100

           /s/Ronald S. Johnson, Esq.
           Law Office of Ronald S. Johnson & Assoc.
           100 Wells Street, Suite 2C
           Hartford, Connecticut 06103
           Phone: 860-231-9757
           Facsimile: 860-233-8276
           Email: janvier7@aol.com
           Federal Bar No. ct08577